UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DELANEY JARVIS,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        18-CV-1059
                                         )
MATTHEW CURTIS, *et al.,*                )
                                         )
                    Defendants.          )

## SCHEDULING ORDER

The plaintiff, proceeding pro se, pursues this civil rights action.   All of the defendants have been served, and there are no pending issues requiring discussion.   Accordingly, this case is ready for scheduling deadlines.

This case is entering in the discovery phase, which means that each party should be seeking admissible evidence to support the party's claims or defenses.   In general, Federal Rules of Civil Procedure 26-37 govern discovery between the parties.   Federal Rule of Civil Procedure 45 governs discovery from nonparties.

Facilitating the discovery process in pro se cases can be difficult, and this Order is being issued in an effort to help explain and streamline the process for the parties to the extent possible.   The parties should carefully read this order, which contains important information on deadlines, discovery, and the court's procedures.   Failure to follow the instructions in this order may result in sanctions, including dismissal of this case.

**IT IS ORDERED:**

1)     Amendments to a complaint are governed by Federal Rule of Civil Procedure 15.   Leave of court is required to file an amended complaint more than 21 days after an answer or other responsive pleading is filed.   Fed. R. Civ. P. 15(a).   If the plaintiff seeks to file an amended complaint, he must file a motion to do so, attaching the proposed amended complaint.   The proposed amended complaint must stand complete on its own, including exhibits.   The amended complaint, if accepted, will replace the prior complaint in its entirety. The plaintiff should explain in his motion for leave to file an amended complaint how the amended complaint differs from the complaint on file.

2)     If the defendants plan to file a summary judgment motion on the exhaustion of administrative remedies, they must do so within thirty (30) days of this order.   Discovery on the merits will not be stayed unless defendants file a motion to stay discovery.

3)     The parties are reminded of their option to consent to proceed before a U.S. magistrate judge.   (See attached consent form).   The court recommends serious consideration of this option.   Given this court's heavy docket and full calendar of hearings and trials, consent to a U.S. magistrate judge may result in a faster disposition and trial date than this court can provide.

4)     Within 30 days of the entry of this order, the plaintiff shall provide the following to defendants' counsel, not to the court:

a.  The names of the persons with knowledge of the relevant incidents whom the plaintiff may use to support his claims, along with a short description of what each person knows;

b.  Copies of documents the plaintiff possesses which the plaintiff may use to support his claims;

c.  Any information the plaintiff has to help identify the Doe defendants, if Doe defendants are named;

d.  A statement of the injuries the plaintiff suffered and the relief the plaintiff seeks.

5)  Within 45 days of the entry of this order, the defendants shall provide to the plaintiff, to the extent not already possessed by the plaintiff or provided to the plaintiff:

a.  The names and working addresses of the persons with knowledge of the relevant incidents whom the defendants may use to support their defense, along with a short description of what each person knows;

b.  The plaintiff's relevant medical records;

c.  The plaintiff's relevant grievances and all responses to those grievances;

d.  Relevant incident reports and behavior committee decisions;

e.  The identity of any Doe defendants, if Doe defendants are named.  If the defendants are unable to ascertain the identity of a Doe defendant, the defendants shall produce to

the plaintiff any information relevant to assisting the plaintiff to identify the Doe defendant.

f.    Copies of any other documents, whether paper or electronically stored, which the defendants may use to support their claims or defenses.

6)    The parties are under a continuing obligation to supplement or correct the disclosures ordered above, as well as any discovery responses. Fed. R. Civ. P. 26(c).    This means the parties must update the information they have provided as additional information becomes available.

7)    If the plaintiff has named Doe defendants, the plaintiff must file a motion to substitute the real name of any "Doe" defendant within 60 days of the entry of this order or risk dismissal of the Doe defendant without prejudice unless good cause for the failure can be shown.

8)    If the plaintiff plans to use expert testimony, the plaintiff's expert disclosures under Federal Rule Civil Procedure 26(a)(2) are due to the defendants within 60 days of this order.

9)    If the defendants plan to use expert testimony, the defendants' expert disclosures under Federal Rule Civil Procedure 26(a)(2) are due to the plaintiff within 90 days of this order.    The disclosures are not filed in Court.

10)    The plaintiff's indigency and detention may effectively limit the plaintiff's discovery to written requests for information.    Written discovery to the defendants includes requests for the production of documents (Fed. R. Civ. P. 34), interrogatories (Fed. R. Civ. P. 33), and requests for admission (Fed. R.

Civ. P. 36).   In general, the federal rules give 30 days for a party to respond to discovery requests.   Discovery requests and responses are not filed with the court, unless they are the subject of a motion to compel.

11)   Fed. R. Civ. P. 33(a)(1) allows parties to serve no more than 25 written interrogatories, including subparts.   Rule 26(b) provides that leave to increase this number may be granted upon a showing of good cause.

12)   Oral depositions are limited to the deposition of the plaintiff, subject to a motion by the defendants to take additional depositions.   If the defendants seek to take additional depositions, they must arrange for the plaintiff to participate in the deposition by phone or video, or to arrange for the plaintiff to participate through written questions under Federal Rule of Civil Procedure 30(c)(3).

13)   If a defendant objects to a discovery request for security reasons or for a reason listed under Fed. R. Civ. P. 26(b)(1)(C), then the defendant must file a motion for a protective order under Rule 26(b)(1)(C) and/or a motion for an *in camera* inspection.   The motion is due within the deadline for responding to the discovery request.

14)   The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties.   If the plaintiff seeks a subpoena, the plaintiff must file a motion requesting the issuance of a subpoena.   The motion must set forth the addressee of the subpoena, the information the plaintiff seeks, and a short description of the relevance of the information.   The plaintiff is responsible for serving the subpoena and

complying with Federal Rule of Civil Procedure 45.   CDIL-LR 45.1; *see also* Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012)(subpoena seeking documents may be served by certified mail).

15)    Written discovery requests must be mailed to a party at least 30 days before the discovery deadline.

16)    Discovery requests and responses are not filed with the court. CDIL-LR 26.3(A).   The plaintiff must mail his discovery requests directly to defendants' counsel and not file the requests with the court or the clerk. Discovery requests sent to the clerk or court will be returned unfiled, unless those requests are attached to and the subject of a motion to compel.

17)    A motion to compel cannot be filed until after a party has failed to adequately respond to a discovery request.   Additionally, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.   Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.   The party filing the motion must explain exactly what information he or she seeks and why the response was inadequate.   A motion to compel which does not contain this information may be stricken.

18)    The plaintiff is advised that the costs of litigation, including discovery, are not paid by the court, even though the plaintiff is proceeding in forma pauperis.   The in forma pauperis statute does not allow the court to waive or pay other expenses of litigation.

19)   The plaintiff is not entitled to a free transcript of his deposition. However, the defendants must attach the plaintiff's entire deposition transcript to a summary judgment motion if the defendants rely on the plaintiff's deposition testimony in their motion.

20)   A final pretrial conference and trial will be scheduled if necessary after the court rules on motions for summary judgment.

21)   If a party seeks action by the court, a filing should be titled as a motion stating the specific action the party seeks.   Every filing must have the case name and number on the first page.   In general, only motions and responses to motions should be filed, unless otherwise directed by the court. Replies to responses are not allowed unless filed with regard to a summary judgment motion.   CDIL-LR 7.1(B)(3); 7.1(D)(3).   Random exhibits and letters will not show as pending on the court's docket and will not be considered by the court.   Repetitive or duplicate motions will be stricken.

22)   The plaintiff is advised not to send originals of any document to the clerk or court because after the clerk scans a document into the electronic filing system, the document is destroyed.

23)   The plaintiff is responsible for making and keeping his own copies of filings.   If the plaintiff seeks a copy of a filing from the clerk, the plaintiff must identify the filing and pay 10 cents per page for the copy, up front.

24)   The plaintiff must keep the clerk informed in writing of the plaintiff's current address and, if released from detention, the plaintiff's phone number.   Failure to do so will result in dismissal of this case, with prejudice.

25)    The clerk is directed to correct the following defendant's name, as reflected in his answer:   Bailey should be **Bryan** Bailey.   The clerk is also directed to correct the caption in the case to *Jarvis v. Curtis, et al.*

26)    **Discovery closes December 14, 2018.**

27)    **Summary judgment motions are due January 14, 2019.**   A summary judgment motion by the defendants which relies on the plaintiff's deposition or medical records must attach the complete copy of the deposition and the complete medical records for the relevant time period.

ENTERED:   June 13, 2018

**s/ Sara Darrow**

_____
SARA DARROW
UNITED STATES DISTRICT JUDGE