UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DELANEY JARVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-1059 |
| | ) | |
| ILLINOIS RIVER CORRECTIONAL | ) | |
| CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMARY JUDGMENT ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Illinois River Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions of confinement.  The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies.  (Doc. 16).  The motion is denied.

**LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

The record discloses three grievances: (1) a grievance dated May 18, 2017, related to disciplinary charges for a fight (the "fight" grievance); (2) another grievance dated May 18, 2017, related to cell conditions in segregation (the "feces" grievance); and (3) a grievance dated June 16, 2017, inquiring about whether prison officials had received his grievances (the "inquiry" grievance). (Docs. 17-2 at 3-4; 19-1 at 4-7).

Plaintiff states he filed the fight and feces grievances contemporaneously with each other. Plaintiff appears to have fully exhausted the fight grievance, although the events grieved therein are not relevant to this lawsuit. In the feces grievance, Plaintiff complains that the conditions in his cell are unsanitary and that, despite repeated requests, he has not received cleaning supplies as promised. The copy of the feces grievance Plaintiff provided to the Court contains no counselor response or other indicia that prison officials received the grievance.

The inquiry grievance asks whether prison officials have received Plaintiff's May 18, 2017 grievance. Although Plaintiff asserts he filed two grievances on that date, the inquiry grievance does not specify either way which grievance Plaintiff is asking about. The counselor's response, dated July 25, 2017, indicates the grievance was received and instructs Plaintiff "to give it time to walk it through the process." (Doc. 19-1 at 6). The response does not specify which of the two grievances was received.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an

evidentiary hearing if a disputed issue of material fact exists, *see Pavey v. Conley*, 544 F.3d 739,

742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the

issue of exhaustion may be decided as a matter of law. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912

(S.D. Ill. 2009).

> The Prison Litigation Reform Act (PLRA) provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a) (2013).  The purpose of this requirement is to "alert the state to the

problem and invite corrective action."  *Turley*, 729 F.3d at 649 (internal citations omitted).  The

Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies

"a prisoner must properly use the prison's grievance process."  *Dole v. Chandler*, 438 F.3d 804,

809 (7th Cir. 2006).  In other words, "a prisoner must file complaints and appeals in the place,

and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022,

1025 (7th Cir. 2002).  If the prisoner fails to follow the grievance procedures, "the prison

administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely

unexhausted."  *Id.*; *see Dole*, 438 F.3d at 809 (quoting same).  "The 'applicable procedural rules'

that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance

process itself."  *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citing *Jones v. Bock*, 549

U.S. 199, 218 (2007)).

The Illinois Administrative Code establishes the grievance procedures for Illinois

Department of Corrections inmates.  Inmates unable to resolve their issues informally with

prison staff may file a written grievance on a form provided by the prison.  20 Ill. Admin. Code §

504.810(a).  The grievance must be filed "within 60 days after the discovery of the incident,

occurrence, or problem that gives rise to the grievance." *Id.* § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause…." *Id.* A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. *Id.* § 504.830(d). An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e).

The parties do not dispute that Plaintiff failed to fully exhaust the feces grievance prior to filing suit. Instead, Plaintiff argues that the process was not available because prison officials never responded to the feces grievance and that the counselor's response to the inquiry grievance could be construed to suggest that prison officials frustrated the process by providing him with incorrect information.

The PLRA requires only that inmates exhaust available remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). A formal grievance process is unavailable when the process: (1) "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. The first two scenarios are not applicable to this case.[1]

---

[1] The parties did not present evidence regarding the first scenario; Plaintiff's successful exhaustion of the fight grievance negates the second.

Plaintiff states that he sent the feces grievance at the same time he sent the fight grievance. Defendants, however, point to the June 1, 2017, entry in Plaintiff's Cumulative Counseling Summary indicating that Plaintiff's counselor sent the fight grievance to the grievance officer. (Doc. 20-1 at 2). Defendant argue that this entry, coupled with the absence of an entry for the feces grievance, proves that Plaintiff never filed the latter.

Defendants' argument is dispositive only if an inmate is required to submit a grievance to the counselor via personal delivery. However, Plaintiff's statements in the inquiry grievance suggest that an inmate must give the grievance to a correctional officer to forward to the counselor, and Defendants have not presented any evidence to the contrary. If the correctional officer lost or destroyed Plaintiff's grievance while it was on its way to the counselor, the Cumulative Counseling Summary would disclose the same thing as if Plaintiff had never sent it. Thus, the lack of an entry does not definitely show that Plaintiff failed to submit the grievance.

Defendants also will not be able to refute Plaintiff's claims that he submitted two grievances at the same time in May 2017. As pointed out in other cases in this district, the Illinois Department of Corrections does not have in place a system designed to track items prisoners send through the institutional mail. *See Daniels v. Hubert*, No. 15-CV-1085, ECF No. 32 (C.D. Ill., filed November 23, 2015) (collecting cases). Defendants have failed to produce evidence that such a system is now in place or that some other means exist to confirm or disprove Plaintiff's contention.

Finally, the counselor's response to Plaintiff's inquiry grievance fails to specify which grievance was received on July 1, 2017. The counselor could have reasonably assumed that Plaintiff was inquiring about the only grievance the counselor had received, but the response fails to provide any detail (i.e. a grievance number) regarding that grievance. Plaintiff arguably

then could not ascertain which grievance had been received solely from the counselor's response. Admittedly, Plaintiff does not clearly articulate which grievance he is asking about in the inquiry grievance, but prison officials could have avoided any ambiguity by providing more information in their response. Accordingly, the Court finds that the grievance process became unavailable, and, therefore, Defendants' motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [16] is DENIED.**

2) **Plaintiff's Motion for Leave to File a Sur-Reply [21] and Motion to Amend and Present Newly Received Evidence in Support of Administrative Remedies [22] are DENIED as moot.**

Entered this 30th day of August, 2018.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE