## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

DELANEY JARVIS #K-66975,                  )
                                          )
            Plaintiff,                    )
                                          )
    -vs-                                  )        No. 18-1059-SLD
                                          )
ILLINOIS RIVER CORRECTIONAL,              )
CENTER, et al.,                           )
                                          )
            Defendants.                   )

### RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL

NOW COME the Defendants, BRYAN BAILEY and MATTHEW CURTIS, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and respond to Plaintiff's Motions to Compel [Doc. 26; Doc. 27], stating as follows:

1.    On February 26, 2019, Plaintiff filed two motions to compel Defendants. [Doc. 26; Doc. 27].

2.    Plaintiff, in his first motion, states that Plaintiff requested additional discovery from Defendants, and Defendants objected to his request. Plaintiff requests the Court grant Plaintiff's "Motion for Additional Discovery" because Defendants "had not yet disclose[d] any discovery relating to Defendants as requested." [Doc. 26; *see also* Ex. A].

3.    As a general matter, Defendants sent initial disclosures to Plaintiff as required by this Court's Scheduling Order. Defendants do not know what Plaintiff is specifically referring to when he says that Defendants "had not yet disclose[d] any discovery relating to Defendants as requested" because Plaintiff failed to request anything from Defendants.

4.    Plaintiff sent a discovery request that was untimely. Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.

1

*United States v. 1948 S. Martin Luther King Jr. Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001). Just because a party is proceeding *pro se* does not mean they have special dispensation when it comes to the procedural rules. *See Faretta v. California*, 422 U.S. 806, 834-45 n.46 (1975); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). Plaintiff did not send a single request for discovery until January 2, 2019: less than thirty days prior to the close of discovery. Plaintiff waited more than a month after Defendants served their Response to Plaintiff's discovery request to file his Motion to Compel. [*See* Doc. 15, pg. 6, ¶ 17 (Motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request). Additionally, Plaintiff failed to attach the relevant portions of the discovery request and the response. [*Id.*] Furthermore, Plaintiff has yet to seek any extension of the discovery deadline, and Defendants have filed their dispositive motion. [Doc. 15, pg. 3; Text Order December 14, 2018]. For these reasons, Defendants request the Court deny Plaintiff's Motion to Compel as the discovery request that is the subject of Plaintiff's Motion to Compel was untimely served, and discovery is closed.[1]

4.      In the alternative, should the Court disagree with Defendants' contention that Plaintiff's discovery request was untimely, the Court should deny Plaintiff's first Motion to Compel because Defendants have already provided the documents Plaintiff seeks to compel. Plaintiff sought "any and all documents in possession of Defendants, and the statements of Defendants. In which defense Counsel will be using in Trial proceeding." In their response to Plaintiff's untimely discovery request, Defendants indicate they have provided all responsive documents in their initial disclosures. Furthermore, Defendants are under a duty to supplement

---

[1] *See Generally Shadle v. First Financial Bank, N.A.*, 2009 WL 3787006, at *2 (N.D. Ind. Nov. 10, 2009); *Westbrook v. Archey*, 2006 WL 545008, at *1 (N.D. Ind. Mar. 3, 20016); *Shroyer v. Vaughn*, 2002 WL 32144316, at *1 (N.D. Ind. July 10, 2002).

should more information become available or should Defendants plan to introduce anything else at trial. Defendants request the Court find that they have produced the documents Plaintiff seeks. Fed. R. Civ. P. 26(e). [Ex. A].

5.      In the alternative, should the Court disagree with Defendants' contention that Plaintiff's discovery request was untimely and that Defendants have already disclosed the information Plaintiff seeks to compel, Plaintiff fails to state with any specificity what documents he seeks to compel. In his discovery request, Plaintiff asked for "any and all documents" and "statements" that "defense Counsel will be using in Trial proceeding." Plaintiff's request could mean anything, and is not procedurally proper under Fed. R. Civ. P. 34(b)(1), which requires the request describe with reasonable particularity each item or category of items to be inspected. [Ex. A]. Defendants request the Court deny Plaintiff's Motion to Compel as Plaintiff has failed to describe with reasonable particularity any item or category of items to be produced. Fed. R. Civ. P. 34(b)(1) [Ex. A].

6.      Plaintiff, in his second motion, is unclear in what documents he seeks the Court to compel Defendants to produce. However, Plaintiff seems to request the following: (a) "Defendants' Complaint History;" (b) "All Grievance Complaints, Misconduct Complaints, And Number of Civil Suits Against Defendants while employ at I.D.O.C.;" (c) "All Grievance Complaints and Law Suits brought upon [Illinois River Correctional Center] in the past Ten Years." [Doc. 27, pg. 1].

7.      Plaintiff, in his second motion, alleges he requested documents from Defendants as part of his Initial Disclosures, sent in June of 2018. [Doc. 27, pg. 2].

8.      Plaintiff's initial disclosures include a section, embedded in Plaintiff's disclosures, that states "Rebuttal purposes Plaintiff request: Defendants Complaint History, All Grievance

Complaints, Misconduct Complaints, Number of Civil Suits against the Defendants, in respect to their employment at I.D.O.C. Respect to "Sell-Conditions," All Complaints, Grievances, and Law Suits brought upon this facility in the past 10 years." [Ex. B, pg. 1].

9.      Plaintiff's second motion should be denied as his request was improperly certified. Fed. R. Civ. P. 26(g) governs signing disclosures and discovery requests. Specifically, every discovery request must be signed by the party personally, if unrepresented. Fed. R. Civ. P. 26(g)(1). Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed. Fed. R. Civ. P. 26(g)(2). If a certification violates these rules without substantial justification, the court, on motion or on its own, <u>must</u> impose an appropriate sanction on the signer, including an order to pay the reasonable expenses, including attorney's fees, caused by the violation. Fed. R. Civ. P. 26(g)(3). Because Plaintiff's request is procedurally improper pursuant to Fed. R. Civ. P. 26(g), Plaintiff has failed to submit an actual request, and his second motion should be denied. [*See* Ex. B].

10.     In the same vein, the "request" Plaintiff seeks the Court to compel responses to in his second motion to compel is procedurally vague. Plaintiff embedded his "request" within his initial disclosures. Plaintiff's "request" is highly vague: Plaintiff relies on four words to notify Defendants that he has made a request: "Rebuttal purposes Plaintiff request." Plaintiff's request does not indicate whether he seeks a response or a production of documents. Plaintiff's request is not accompanied by signature. Plaintiff's "request" looks nothing like typical discovery requests served pursuant to federal litigation. Defendants argue that Plaintiff's "request" should not be considered as such for purposes of being able to now compel Defendants to produce said documents. A ruling finding that Plaintiff indeed made a discovery request within his initial disclosures would create precedent encouraging *pro se* litigants to strategically hide their

4

discovery, frustrating the discovery process. Permitting Plaintiff's attempt to be a legitimate "request" would result in attorneys working with *pro se* litigants to be extra cautious and overproduce materials, increasing research costs for both litigators and the Courts. Plaintiff's pleadings are to be liberally construed, but permitting Plaintiff to allege a legitimate request without citing any Federal Rule, directing his request to a party, or even saying the words "produce" would result in ambiguity and uncertainty. Plaintiff should be required to serve his discovery requests clearly and unambiguously so as to put an opposing party on notice that they are under an obligation to respond. Because Plaintiff's request is procedurally vague and would not put a reasonable party on notice that Plaintiff had made a request, the Court should deny Plaintiff's second motion. [*See* Ex. B].

11. Even if the Court were to construe the four words in Plaintiff's initial disclosures as a legitimate interrogatory or request for production of documents, for similar reasons stated *supra*, Plaintiff's motion to compel should be denied as untimely. The Court, in its Scheduling Order, required motions to compel to be filed fourteen days after an unsatisfactory response to a timely served discovery request. [*See* Doc. 15, pg. 6, ¶ 17]. The literal interpretation of the rule would not apply in this instance: Plaintiff never received an unsatisfactory response to his discovery request because he received *no* response to his discovery request. However, Plaintiff's choice on how to proceed flies in the face of the spirit of the rule the Court set in its Scheduling Order. Plaintiff's request embedded in his initial disclosures was sent on June 18, 2018. [*See* Doc. 27, pg. 2]. Plaintiff, at any time during the 8+ months between his request and his motion to compel, could have asked Defendants about the status of his request. Plaintiff could have re-requested the discovery he sought at any time. Not only did Plaintiff do nothing to notify Defendants that he had a discovery request outstanding, Plaintiff did nothing to notify Defendants

they were unresponsive to his request until he filed his Motion to Compel. Defendants request the Court to find that Plaintiff simply waited too long to file a motion to compel as Plaintiff filed that motion more than eight months after his request. For these reasons, Defendants request the Court to deny Plaintiff second motion as untimely.

12.    Even if the Court disagrees with Defendants' procedural arguments, the Court should deny Plaintiff's second motion on substantive grounds. If Defendants had notice of Plaintiff's discovery request, knew that it was a request for production of documents, and had an opportunity to respond, Defendants would have objected to the request as overbroad in time and scope. Plaintiff's request for information related to the number of times the Illinois Department of Corrections and Illinois River Correctional Center has been sued would subject Defendants to an unreasonable burden and is not proportional to the needs of this case. No matter what Plaintiff means by his vague request, Defendants would have a difficult time tracking down all documents responsive to Plaintiff's request. Grievances are not stored by substance, but by date, and it would be a massive undertaking to pull out all grievances throughout all of the Illinois Department of Corrections, or even Illinois River Correctional Center, related to cell conditions. Furthermore, grievances concerning Defendants would be difficult to discovery for this same reason, as well as the fact that Defendants are not always aware when they are named in a grievance or in a lawsuit. Simply, the burden and expense of the proposed discovery outweighs its likely benefit. For these reasons, the Court should deny Plaintiff's motion to compel as the discovery it seeks to compel is overbroad in time and scope. Fed. R. Civ. P. 26(b)(1).

13.    Additionally, even if the Court disagrees with Defendants' procedural arguments, the Court should deny Plaintiff's second motion on further substantive grounds. Plaintiff's request fails to state with reasonable particularity what Plaintiff seeks, and is vague in its entirety.

6

Specifically, the term "Complaints" and "Grievances" can refer to a number of documents, including formal grievances filed by inmates and processed according to the procedures outlined in 20 Ill.Admin.Code. § 504, or legal complaints filed in federal or state court by inmates in the custody of the Illinois Department of Corrections. Defendants simply do not know what Plaintiff seeks to compel. Additionally, Defendants Bailey and Curtis do not have knowledge of or documents responsive to Plaintiff's request for the "number of civil suits against Defendants employ at I.D.O.C." because they are not always notified. Defendants also would not have knowledge of or documents responsive to Plaintiff's request for all "complaints, grievances, and lawsuits" filed against Illinois River in the past ten years. The Court should deny Plaintiff's second motion as the information it seeks to compel is vague, not stated with reasonable particularity, and outside the realm of knowledge or control of Defendants.

WHEREFORE, for the above reasons, Defendants request the Court deny Plaintiff's Motions to Compel in their entirety.

Respectfully submitted,

BRYAN BAILEY and MATTHEW CURTIS,

Defendant,

R. Kolton Ray; #6327476          KWAME RAOUL, Attorney General,
Assistant Attorney General       State of Illinois
500 South Second Street
Springfield, Illinois  62701         Attorney for Defendants,
(217) 557-0261 Phone
(217) 782-8767 Fax               By: s/R. Kolton Ray
Email:  rray@atg.state.il.us         R. Kolton Ray
                                     Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

DELANEY JARVIS #K-66975,                  )
                                          )
            Plaintiff,                    )
                                          )
    -vs-                                  )          No. 18-1059-SLD
                                          )
ILLINOIS RIVER CORRECTIONAL,              )
CENTER, et al.,                           )
                                          )
            Defendants.                   )

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, the foregoing document, *Response to Plaintiff's Motions to Compel* was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically send notice to:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Delaney Jarvis #K-66975
Illinois River Correctional Center
Inmate Mail/Parcels
P.O. Box 999
Canton, IL   61520

Respectfully submitted,

s/R. Kolton Ray
R. Kolton Ray; #6327476
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 557-0261 Phone
(217) 782-8767 Fax
Email:   rray@atg.state.il.us