E-FILED
Wednesday, 10 April, 2019 03:12:17 PM
Clerk, U.S. District Court, ILCD

In The United States District Court
for the Central District of Illinois

DeLaney Jarvis,                    )
Plaintiff.                         )
                                   )
                                   )
    -VS-                           )    No. 18-1059-SLD
                                   )
Bryan Bailey and Matthew Curtis    )
  I.R.C.C,                         )
Defendants.                        )

## Plaintiff's Response To Defendants Motion For Summary Judgment, Memorandum of Law

Now comes Plaintiff DeLaney Jarvis pro-se seeking this Honorable Court to dismiss Defendants motion for summary judgment. Response due by 3-27-2019. Thus Plaintiff states the following:

On 4-9-2018 the Honorable Judge. Harold A Baker in its Merit Review and Case Management Order, found Plaintiff's claim as an Eighth Amendment Violation (Cruel and Unusual Punishment). Inso, entered his order against both Defendants (Officer Bailey and Curtis). Thus specifically finding Plaintiff statment/ Claim as fact, and moved to proceed in this case. In this Court's merit review Plaintiff stated the facts, Defendant Bailey placed Plaintiff Jarvis in the cell Covered in feces with an overwhelming

(1) of (14)

smell of urine, and when matter was personally brought to the attention of Defendant Curtis, he said the porter would bring some bleach and cleaning supplies, but nothing happen and both Defendants blew off/ignored the matter.

In Defendants 'Introduction' they concurred with the finding of the Court's review of the Facts, "Defendants Bailey and Curtis contend there are No Genuine Disputes of Material Fact."

(Material Fact): "Black's Law, Dict, 8th, ed"
"A Fact that is significant or essential to the issue or matter at hand."

Plaintiff concurs with Both findings of the Court and Defendants, and moves with No objections.

Defendants contend that Plaintiff's conditions does not meet the "objectively serious" standard required to prevail on Eighth Amendment claim.    This Honorable Court and both parties concurred with, "Court found Plaintiff success-fully stated an Eighth Amendment conditions of confinement claim," in that Plaintiff was expose to Feces Physically, that was in all forms Highly Serious, in its exposure to Diseas, sickness, and viruses. Inwhich is "Objectively Serious". (Undisputed Material Facts; #16, EX. A, 29:1-13)
Plaintiff notes, inrespect to diseases and viruses.    Hepatitis A. B. and C, stays dormant for years sometimes decades, reflected by scientific studies and respectfuly baby boomer age.    H. I. V or Aids can stay dormant also for years.    This facility refuse any medical aid to Inmates without symptoms of these viruses or other sickness brought forth through the

(2) of (14)

contact with feces. Plaintiff contends this issue is extremely serious. Thus Plaintiff's condition does meet the "objectively serious" standard to prevail in this claim. (33:3-9)

Defendants also contend they did not exhibit deliberate indifference to Plaintiff's needs as required for Eighth Amendment liability.        Both parties concur aswell does this Court, "Specifically, the Court held Plaintiff successfully alleged that Defendant Bailey placed Plaintiff in a segregation cell that smelled like urine and was covered in feces, and that Defendant Curtis said he would send someone to clean up or otherwise provide Plaintiff with cleaning supplies, But Failed to do Either." (Ex. A, G, H, 20:10-21:7, 22:23-23:12, 26:9-28:19) Deliberate Indifference is when an individual(s) have, "A Lack of Interest in or Concern about something. The careful perserration of one's ignorance Despite Awareness of Circumstance that would put a Reasonable Person On Notice of a Fact essential to a crime." "Black's Law. Dict. 8th. Ed"

Defendants finally contend that, even if Plaintiff can prove is prima facie case, they are entitled to the affirmative defense of qualified immunity.        Plaintiff does absolutely Agree to and in, Affirmative Defense of Qualified Immunity. But Defendants are and should be exempt from this inherente qualified immunity, due to their Deliberate Indifference that perform/went outside their Duties as Officers of this Administration, and outside of I.D.O.C Administrative Guide-lines, And Institutional Regulations.

Proper Protocol Employ by I.D.O.C and I.R.C.C, in respect to

(3) of (14)

cell cleaning:

① Close off and condemn the cell. ② Give notice to Toxic Department to bring the proper Hazmat Equipment needed to clean feces and urine. ③ Oversee clean up was proper in their department.          Undisputed Material facts: #8 "That there was feces smeared near the toilet, including on the floors and walls near the toilet." And, #9 "Cell 14 smelled like urine and feces."    (Ex. A, 22:1-9, 18:23-19:8) and (Ex. H, G) Given these "undisputed material facts" Defendants should had perform their proper duty as required by I.D.O.C and I.R.C.C.       The above three guidelines are employed habitually through I.D.O.C Facilities. Thus given the fact Defendants acted outside the proper norm/practice, they are not entitled to inherent "Affirmative defense of quali- fied immunity. Moreover Defendants deliberate indifference was their own neglect of their overseeing duty/power, thus exempt from this fundamental qualified immunity.

     Defendants states, "To prevail on a conditions of confinement claim, a Plaintiff must prove two elements: (1) The deprivation alleged is "sufficiently serious" such that it resulted in the "denial of the minimal civilized measure of life's necessities." "(This analysis, Courts are asked to examine whether the conditions of confinement exceed the contemporary bounds of decency of a mature civilzed society)."        "Undisputed Material facts" #8, 9, and 16... Plaintiff was exposed Physically, and forced to clean feces from another Inmate, without the

(4) of (14)

proper hazmat Equipment nor assistance from Defendants/ Officers (Ex. A, G, and H, 26:9-28:19), these facts of its own does not qualify in civilizies society, and is extremely serious in its form.    And the High possibility of future sickness is another, inwhich some may stay dormat for years, thus "sufficiently serious".    Without doubt Plaintiff's conditions of confinement did not meet the decency of a mature civilized society. In that Plaintiff haves the right to be housed/confined in and under Clean and Healthy conditions, as this fact is govern and enforce by all Courts in a civilized society.            And (2) Officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring."        Regarding second prong, "(Plaintiff must show that officials were deliberately indifferent by being subjectively aware of the Plaintiff's conditions or danger complained of, but consciously disregard it.)"        Undisputed Material Facts, "(Specifically, the Court held Plaintiff successfully alleged that Defendant Bailey placed Plaintiff in a segregation cell that smelled like urine and was covered in feces, and that Defendant Curtis said he would send someone to clean up or otherwise provide Plaintiff with cleaning supplies, but failed to do either.)"        "Defendants Baily and Curtis contend there Are No Genuine Disputes of Material Fact."    (Undisputed Material Facts; #11, #13, #15, #17, Ex. A, G, H, 20:10-21:24, 22:13-23:12).

Defendants: "The Court may deny Plaintiff's claim when he has failed to allege a sufficiently serious medical condition. In order to

proceed on an inhumane conditions of confinement claim, the burden is high for a Plaintiff 'the Constitution does not mandate comfortable prisons,' it merely forbids Inhumane ones." (Undisputed Material Faces: #8, #9, and #16, Ex: A, H, G... 18:15 - 19:16, 21:11 - 23:12, 29:1-13).    Undisputed, Plaintiff was Physically Exposed to another Inmate's Feces (U.M.F: #10). Above Plaintiff list medical concern and issues brought forth through the Physically Contact/Exposure to Feces, that Plaintiff is highly likely was expose to, such as H.I.V/Aids, Hep A, B, and C and other sickness. All these medical concerns stays dormant for years maybe decades, which is not only life changing but life threatening and Highly Serious in all its forms. As noted, I.D.O.C refuse to test Inmates for such diseases, or sicknesses without any physical symptoms as reflected in the Lawsuit case of 'Lippert, et.al. V. Baldwin, et al., 10-cv-4603 (U.D.Ill.). Inwhich prison Officials neglects their duties by not providing prisoners with the adequate medical needs. As in this Facility, refuses to see Inmate withou Any symptoms, and makes Inmates pay money for ALL medical request, even Dental.  Thus, without physical symptoms yet, Medical Aide is unavailable to Plaintiff and other Inmates, and respectfuly Plaintiff is without the proper funds. Moreover, Plaintiff maintains his medical concerns and Conditions are Highly Serious in all forms, therefore "Sufficiently Serious".


    Defendants falsified Documentation, (DOC 300):
Defendants states (U.M.F #20), "A form, labelled DOC 300, is com—

(6) of (14)

pleted before any offender is placed in a segregation cell indicating the cell has been cleaned and sanitized."

Plain wording, Plaintiff beems that this (DOC 300) form is fraudulent, and made pursuant to his claim, in other words this form was made after the noted date, and presented to this Honorable Court in hopes and to mislead.    To back Plaintiff's claim of deceive and fraudulent documentation Plaintiff will present to this Court, 'official documents' showing Plaintiff was already in cell 14 way before "1:50" and the time it took to "shake-down" an empty cell (2:00,ᵖᵐ 10min).    Presented to this Honorable Court, official 'Disciplinary Report' showing the time and date the allege fight occurred (5-14-17; 9:00 pm) and the Date and Time Plaintiff was already in temporary confinement (5-15-17; 12:00 pm)(Ex.B) Also Plaintiff is presenting his Grievance for fighting (Ex. B) that's going into detail of that days events, "On 5-15-17 approximatly 11:30 am, i was removed from my cell (HU~1A-24) by three officers of this facility (Illinois River). One of the officers cuffs me and took me to Seg. I asked why i'm being placed in Seg, the officer said he didn't know, he was told to take me to Seg. About 15min after arriving, i spoke with an officer, beleaved to be LT. B. Johnson #10415 identified by ticket." (LT. B. Johnson signed off on ticket on 5-16-17; 1:30)    Finally Plaintiff presents his Affidavit, sent to Defense Counsel on 12-21-2018, inwhich states specifically the time Plaintiff was placed in this inhumane cell, (cell 14). "On 5-15-2017 around 12:00 pm, i was placed in Seg - cell #14."    Two of these documents occurred before this case was brought before the Court. The

(7)of (14)

other document is sign by a Notary Official on 12-21-2018, and sent to Defense Counsel on that very night.    These three Documents can not be misleading to this Court in any way. In such Plaintiff was in cell 14 at that very time (1:50pm) Defendants document claims they "Clean + Sanitized" this cell.    Respectfully (DOC 300) is falsely written to enable this Court to dismiss Plaintiff's claim. Thus Plaintiff contends (U.M.7; # 21 and #22) is falsely stated.    Plaintiff knows/believes a falsified document was presented to this Honorable Court, and moves to immediately dismiss Defendants Motion with prejudice, due to fraudulent document.    Moreover, Defendants was charged with the segregation deparment and was present on that very day, given that fact, it was their duty to fillout this "Clean + Sanitied" form (DOC 300), and no other Official. To note, the signature is not of either one of the Defendants (Officer Curtis and Officer Bailey), in such 'Fraudulent'.

Fraud on the Court; see Black Law Dict. 8th Ed:

"In a judicial proceeding, a Lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding."    Thus criminal Fraud is rooted; "Fraud that has been made illegal by statute and that subjects the offender to criminal penalties such as fines and imprisonment."

Plaintiff's challenge of/for this falsified Document is made in Good Faith and understanding, due to Plaintiff's recollection to the day's events and circumstances.

(8) of (14)

"CLOSING"

The essence of Plaintiff's claim is solely based in and on the plain wording of the 8th Amendment that prohibits Cruel and Unusual Punishment. Inso all prisoners are to be housed in and under Clean and Healthy, humane conditions. This claim was brought forth by the Honorable. Judge. Baxter that found the facts in this claim as a violation of our Constitution. Inso Defendants does not dispute the material facts that is significant or essential to the issue or matter at hand. The issue or matter at hand is plain and clear, "Defendant Bailey placed Plaintiff in a segregation cell that smelled like urine and was covered in feces, and that Defendant Curtis said he would send someone to clean up or otherwise provide Plaintiff with cleaning supplies, But failed to Do Either." These allegations/facts are baced through the sworn testimony of Mr. Woodson and Mr. Samuels, who concur with the fabric of this claim. These matters are the essence of Plaintiff's claim, essential to the issue at hand.       The Constitution forbids Inmate to be housed in filth and prisons to be infested with Roaches and Rits, aswell cells containing other Inmates feces and/or blood. This is reflected in and by Judge Baxter founded cause to proceed in this claim. The "matter at hand" is undisputed by Defendants, Plaintiff request it not be by this Honorable Court either, and permit this case to proceed.       Defendants stating, "Plaintiff's conditions does not meet the objectively serious standard," is in all forms out —

(9) of (14)

ragous, and missing the matter at hand. The Constitution demands for Inmates to be housed under Clean Conditions, not ones with (J. M. 7; #8, #9) "feces smeared near the toilet, including on the floors and walls near the toilet" and "smelled like urine and feces". And given the fact Plaintiff 'Physically' (J. M. 7; #16) "clean the area with objects like shampoo and socts, which cleaned the area visibly, but could not remove the aroma". #16 fact is at the least "objectively serious" and can stand to "prevail" on its own base given the exposure to feces and all its diseases and viruses. Now combine both issues at hand and you get a highly serious matter. With that Defendants suggest, "they did not exhibit deliberate indifference to Plaintiff's needs". Respectfully they are missing the "matter at hand," "Defendant Curtis said he would send someone to clean up or otherwise provide Plaintiff with cleaning supplies, but failed to do either". The fact Defendant had, "A lack of Interest in or Concern" about the matter "despite awareness of circumstance that would put a Reasonable person (Defendant Curtis) on notice of a fact" is at the core of Deliberate Indifference.        And finally Defendants seggested they deserve or/are "entitled/(privilege) to the Affirmative defense of qualified immunity". After Defendants deliberate indifference, and neglecting their duties as overseers to Plaintiff's matter, they violated Department of corrections protocol for proper procedure. If employed elsewhere they would have been terminated from their duties. Now Defendants come before this Honorable Court demanding "Affirmative defense of qualified Immunity," rendering them blameless and without any consequence for the neglection of their High Power

(10) of (14)

Duties.        Furthermore Defendants states, "to prevail on a condition of confinement claim, a Plaintiff must prove two elements." Plaintiff maintains the element is proven by and in the matter at hand, his inhumane condition is not that of a Nation that deems themselfs as Decent, Mature, Civilized Society such as ours. Given the "undisputed material facts," is the mirror of that very indecency. No doubt Plaintiff condition was one of Highly "sufficiently serious". As mush as depriving him of the civilized necessities of being confined in and under clean, Healthy and Humane environment.        second "element" aswell is proven by the "Matter at Hand". (Material fact; Black Law. Dict. 8th. ed .... "A fact that is signifi- cant or essential to the issue or matter at hand.") (Undisputed; Black Law. Dict. 8th. ed ... "Not questioned or challenged: Uncontested.") "Defendants Bailey and Curtis contend there are No Genuine disputes of material fact."       (Ex. A) States Plaintiff yelled for 30 to 45 minutes, but was ignored. Then told Officer Curtis of the smell and feces, still he never got cleaning supplies. Noting, he cleaned the feces the best he could. But it still smells lide strong pee and feces. see (Ex; G, H). facts are the ones that are clear and plain as possible, in such, Plaintiff shows the Officer (Curtis) in his deliberate indif- ferent, aware of Plaintiff's condition/matter but does nothing. (21:11-24, 22:13-23:12).

        Additionally, (Defendants suggest) "the Court may deny Plaintiff's claim when he failed to allege a sufficiently

serious medical condition." Undisputed Plaintiff was exposed to another Inmate's feces, Physically, and forced to clean with shampoo and socks cause Officials denied bleach and the proper cleaning equipment. Plaintiff maintains the severeness of Physical Contact with feces/Sewage. This facility testing for diseases like 'Hep A, B, and C' and other diseases of Plaintiff's concern, Inso with out serious sickness symptoms testing is unavailable while in I.D.O.C.

Reflected in the case of; Lippert, et.al. v. Baldwin, et.al., 10-cv-4603 (U.D.Ill.). class action Lawsuit.

The facts of this case/claim echoes the halls of indecency. Plaintiff's case in its totality is listed above in all its facts and circumstance, and backed by sworn oaths. Overseeing this claim in its essence is an undisputed matter of an 8th Amendment violation at its core fabric of indecency. Thus no Honorable Court in a Great Nation as ours, can nor should set idly by while such seeds of indecency are taking roots once again. Plaintiff's facts are clear, two officials of I.D.O.C neglected their duties, in which violated the Constition that brought forth this case, only due to their lack of care to the matter. Although Defendant states they don't "Recall" the days events. Plaintiff is claiming Defendant put him in a cell under inhumane conditions, and ignored his yells for assistance and Defendants don't "recall". Defense Counsel presents form (DOC 300), that did not contain neither of the Defendants name nor signature, but that of another official. And demand this Court to address this document as fact evidence,

(12) of (14)

but Defendants don't "recall" that days events, bring the form to challenge of falsified Documentation.   Now the Defense Counsel/Defendant are attempting to frame this claim out of its undisputed circumstances and facts, and find techniques to reshape the 8th Amendment to deny Plaintiff's claim of inhumane Conditions of Confinement. Inso Defense states Plaintiff must prove elements inorder to prevail in his claim of conditions of confinement that Defendants don't "recall."

The facts of this claim, roots from Defendants failure to do their duties as Correctional Officers, and oversee their department they was incharge to maintain and follow proper protocol when the matter was at hand. Insuch the facts are undisputed or not "recalled" by the offender/Defendants. Plaintiff's claim rises only from this neglection of duty, and as an indecent and inhumane violation of his 8th Amendment (Conditions of Confinement). Inwhich these elements are proven through the facts that is undisputed.   Now Defendants wants Immunity as such they received through this facility (Illinois River), for their neglection of their duties, and now Demands this Honorable Court to grant that Immunity (through techniques), rendering Defendants blameless. And Plaintiff without justice from the inhummane conditions that Defendants employeed and Plaintiff suffered.   True facts are clear, No Action By this facitity was taken upon Defendants regarding this matter, and none will ever be by this facility. A mirror of this 'none punishment' is also reflected in this claim, given the fact this facility refused to file and return

(13) of (14)

Plaintiff's grievance relating to this matter (trying to undermine the issue). This none taken action by this facility is in all proof of its own, that if this Court refuses to act aswell, no action will be take and Plaintiff's 8th Amendment violation means nothing, so offenders will be free to continue to neglect their Duties. The truth of facts are ones that are clear. Plaintiff laid his truth before this Honorable Court in plain site, and backed by sworn oaths.

Respectfully, Plaintiff implore this Honorable Court to pluck these seeds of indecency and allow this case to proceed. Plaintiff moves to Dismiss, defense/Defendants Motion for Summary Judgment and rule in Plaintiff favor.

(14) of (14)

Exhibit, G

STATE OF ILLINOIS )
                  ) SS
COUNTY OF Fulton  )

**AFFIDAVIT**

I, Achee                    Woodson              , hereby declare
under penalty of perjury that the following is true and correct based upon my personal
knowledge and that I am competent to testify thereto if called upon as a witness.

I Woodson an ~~[redacted]~~ Witness that Mr. Jarvis was placed in a cell by officers that contained feces. Back in May 2017, Mr. Jarvis came to Seg and was placed a few cells from me. At the time I did not know Mr. Jarvis nor who he was. I heard Mr. Jarvis yelling at the officers that just put him in the cell. Yelling that his cell had feces everywhere, but the officers didn't pay him any attention and walked away. When we were going to yard Mr. Jarvis told the officers about his cell, and they ignored him until he continued to make it an issue then the officer told him they would send something later to clean the cell. Mr. Jarvis was obviously very upset and intended to tell the officer that another officer told him the exact same thing. I witnessed Mr. Jarvis telling other inmates about the situation and how wrong it was. Mr. Jarvis was still continuing to complain about the feces being in his room for a couple of day after he got placed inside his assigned cell.
        I'm willing to testify to this sworn statement if called upon to do so in court.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

A. Woodson  Y17830  98-2018
**AFFIANT**

Exhibit, H

## Sworn Affidavit
### State of Illinois Fulton County

I Stacy Samuels K54422 hereby declare under penalty of perjury that the following testimony is true and correct based upon my personal knowledge and that I am competent to testify if called upon as a witness.

I was a few cells away from Mr. Jarvis when he came to solitary confinement and was placed in cell #4. I on one of many who heard Mr. Jarvis yelling about the smell was poop in his cell. I even heard Jarvis tell the CO's that same day, and other days about the smell and telling them there's shit everywhere. But none of the C.O.'s seemed to care. The following yard day Jarvis was outside pist that the C.O. would not give him something to clean his cell and get the smell out. He was mad and telling everyone about his cell. He was complaining for several days to officers and inmates. I'm willing to swear under oath, not only on this affidavit but as well in court if called to do so.

Stacey F. Samuels   K54422   2-26-18

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

E-FILED
Monday, 12 February, 2018  04:38:50 PM
Clerk, U.S. District Court, ILCD

| Date: 5-18-2017 | Offender: (Please Print) Delaney Jarvis | Clerk# X66975 |
|---|---|---|
| Present Facility: Illinois River | Facility where grievance issue occurred: Illinois River | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☒ Other (specify): Sanitation

☐ Disciplinary Report: 5 / 15 / 2017    Illinois River
Date of Report            Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 5-15-2017 I was place in seg. cell #14. This cell haves a overwhelming smell of urine, the walls and toilet area haves/had "FECES"! Before I could look back the Officer shut the door and walked away. I yelled for 30 to 45 minute for the officer to come back, but they ignored me. About an hour later officer Curtis brought my property and mattress. I then told officer Curtis of the smell and feces. He said I have to wait for the porter to come back from chow and the porter would bring me some →

Relief Requested: To be moved to another cell immediately or have this cell properly clean. Cell #14

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____          X66975       5 / 18 / 2017
Offender's Signature                                ID#            Date

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

_____          _____       ___ / ___ / ___
Print Counselor's Name              Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___ / ___ / ___          Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance

☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____          ___ / ___ / ___
Chief Administrative Officer's Signature            Date

Distribution:  Master File; Offender                    Page 1                    DOC 0046 (8/2012)

Exhibit. A

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Shakedown Record/Confiscated Contraband

Exhibit No. _____
CLIC No. _____

Date: 5/15/17   Time: 1:50   ☐ a.m. ☒ p.m.   Bldg. Area: RS

Living Area: Seg 14   Occupied: ☐ Yes ☐ No

Violator: _____ No. _____

Violator: _____ No. _____

Was any contraband found? ☐ Yes ☐ No

Item(s) (Description and circumstances of discovery):

Clean +
Sanitized

Witness: _____

Disciplinary Report written: ☒ Yes ☐ No   Incident Report written: ☐ Yes ☐ No

R. Willi_____ Employee Signature

7373   5/16/17   2:00   ☐ a.m. ☒ p.m.
Badge No.   Date   Time

Shift Supervisor: Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

☐ Major Contraband ☐ Minor Contraband: _____ Signature

Disposition: _____

Date: _____ Time: _____ ☐ a.m. ☐ p.m. Initials: _____

Receiving Custodian: Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

☐ Major Contraband ☐ Minor Contraband: _____ Custodian Signature

Chain-of-Custody after the Custodian has received the item:

From: _____ To: _____
Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

From: _____ To: _____
Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

From: _____ To: _____
Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

From: _____ To: _____
Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

Final Disposition: _____
Date: _____ Custodian's Initials: _____

Distribution: With Item (Tag); Supervisor; Employee; Disciplinary Report; Violator

DOC0300 (Eff. 4/2006)
(Replaces DC 252)

STATE OF ILLINOIS )
) SS
COUNTY OF _Fulton_ )

## AFFIDAVIT

I, _DeLaney_ _Jarvis_, hereby declare
under penalty of perjury that the following is true and correct based upon my personal
knowledge and that I am competent to testify thereto if called upon as a witness.

Plaintiff Jarvis will testify to the facts of this case as stated on sworn Affidavit, as is a true recollection of the facts. On 5-15-2017 around 12:00 PM, i was place in Seg-cell #14 by Officer onduty Bryan Baily. Moments after cell closed, i smelled the overwhelming smell of Pee/Urine, as i looked around i seen Poop/feces around toitet area. Immediately i yelled for the C.O to come back, but never did, ignoring my yells that the cell haves Poop/S--- everywhere. Approximately an hour later, Officer Curtis came with my property, i pointed to the poop as he glanced in, informing him of the issue. This is when he said he'll tell the porter to bring cleaning supplies, but they never came. At 3:00pm, shift change, i realized the porter will never come, so i cleaned the Poop with a pair of socks and VO5 shampoo. At 3:30 to 4:pm dinner trays, that is when i inform another Officer, that didn't care, kept moving, saying how he don't do cleaning. For days on, i complained to Officers about cleaning and the smell, but no action was taken.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Subscribed and sworn to before me
this _21st_ day of _December_, _2018_.

_Christina G. Smith_
Notary Public

_____
AFFIANT

OFFICIAL SEAL
CHRISTINA G. SMITH
Notary Public - State of Illinois
My Commission Expires 6/26/2019

B-75 99-0148
8-1-14

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 5-18-2017 | Offender: (Please Print) Delaney Jarvis | ID#: K66975 |
|---|---|---|

| Present Facility: Illinois River | Facility where grievance issue occurred: Illinois River |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ ADA Disability Accommodation
☒ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☐ HIPAA
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator   ☐ Other (specify):

☒ Disciplinary Report: 5 / 15 / 2017   Illinois River
Date of Report   Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 5-15-17 approximately 11:30 am, i was removed from my cell (A6-A-24) by three officers of this facility (Illinois River). One of the officers cuffs me and hood me to Seg. I asked why i'm being placed in Seg, the officer said he didn't know, he was told to take me to Seg. About 15 min after arriving, i spoke with an officer, believed to be L.T. B. Johnson #10415 identified by ticket. This employee with a unprofessional tone said, do you know this Guy, (showing me a picture of Hernandez' a person i always play cards with and go to school with, and joke with all day to pass time) I told the officer i knew Hernandez, he's one of my buddies. Officer: yous, two play cards together and get loud. I said, yes why what's wrong with that. Officer: Show me your arms, hands and mouth. I did as instructed. I asked, what was this about. Officer: You was →

Relief Requested: Dismiss ticket and return Jarvis to ~~Minimum~~ A-Grade, and school. Also if not removed from Seg A-S-A-P, compensation for the time in Seg that was unlawful.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

D. Jarvis
_____   K66975   5 / 18 / 2017
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

**Counselor's Response (If applicable)**

| Date Received: 5 / 30 / 17 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Issue is IDR related. Set griev. back to Griev. Officer

S. Harrison
Print Counselor's Name   S. Harrison   6 / 1 / 17
Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: ___ / ___ / ___   Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___ / ___ / ___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender   Page 1   DOC 0046 (8/2012)

**EXHIBIT B**

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

fighting with this guy, (showing me Hernandez picture.) I stress to the officer, i never fought with him nor would, he's one of my boys, we just get loud. And whoever told him that we fought is on bull shit with us. The officer stood up, that's to bad, your getting charged with fighting and now giving false information. I could have just wrote you up for horse playing, but now it's fighting and false information. I told him, i didn't fight with anyone, that's not false information. You just want me to tell you what you want to hear and if i don't you're going to write me up for false information and fighting. If i tell you what you want to hear, that would be the false information. (The officer started yelling to me saying). ▓▓▓▓▓ Stand-up your not being strait with me, you was fighting with him. My sources reported yous fighting, that's why your getting charged with fighting and now false information. I then said, i don't care what your sources say, i wasn't fighting him or anyone! (Of course the officer wasn't trying to hear what i had to say, because it wasn't what he wanted to hear.) In order for this heated confrontation to cool off, i just said, do what you want too. Officer's respond; I will! Then he put me in a cell and walked away. I seen him look back one last time to give me a look like i did something to him.?

_In Closing_

This ticket and me being placed in Seg for a unproven fight on my behalf, is unjust. Bases for this fight is allege sources statements and scrafes, not on me but on the other accused 'Hernandez'. In which is not stated how Hernandez got those scrafes, Just asumtions. Although, Hernandez and Jarvis made it clear that there was NO Physical Altercation between the two of them. Just being loud like always, or arguing with themselfs, but no fighting. Fact: Jarvis and Hernandes are two big guys. The alleged sources, alleging the fight last for several minutes. And the only injuries were some scrafes, no broken skin, no bruising on hands faces or mouth, on either one of the accused, that's highly unlikely. The investigating officer asumes the scrafes on Hernandez arms and chest are consistent with fighting. Though the officer never simply asked Hernandez where the scrafes was from. The officer just took it upon himself to say the scrafes are from two big guys fighting, without a second opian.

This case is like so many others, some inmates wanting to get rid of another and with the officer's imagination you have it, (fabrication) sorry. As in this case.

I D. Jarvis, contends the above reported ticket is without merit and without enough physical evidence/circumstances to truely find Jarvis guilty of fighting. Based on sources and scrafes found not on Jarvis persons but another. And given the fact Jarvis had no fighting marks anywhere on him. Moreover, given the alleged fight was in the open, on the lower deck and no employee or officer seen this alleged fight that supposed to had last several minutes, that's highly unlikely. Any of the tree too four wing officer would, no dought, had seen this several minutes fighting happening. To find this fight as fact is to find the wing officers as incompetent and not doing their job.

Distribution: Master File: Offender

**EXHIBIT B**

DOC 0046 (8/2012)

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| Name: JARVIS, DELANEY | IDOC Number: K66975 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 5/22/2017   08:35 AM | Living Unit: IRI-S-01-14 | Orientation Status: N/A |
| Incident Number: 201701733/1 - IRI | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 5/15/2017 | 201701733/1-IRI | JOHNSON, BRAD A | INTERNAL AFFAIRS | 12:00 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 214 | Fighting | Guilty |
| | Comments:w/ Inmate Hernandez M14268 | |
| 303 | Giving False Information To An Employee | Guilty |
| | Comments:states did not get into altercation | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS

On the above date and approx. time, offender Jarvis, Delaney K66975 was present while charges read. Offender pleads not guilty. States he didn't fight. States this is them just getting him off the wing.

## BASIS FOR DECISION

At the completion of an investigation Internal Affairs has substantiated that Offender HERNANDEZ, SYLVERSTER M14268 was fighting with Offender JARVIS, DELANEY K66975 on 5/14/17 in the lower day room at approx. 9:00pm. This investigation began on 5/15/17 after Internal Affairs received information from a confidential source that he observed JARVIS and HERNANDEZ begin arguing then started hitting each other. Information was received from a second confidential source who observed JARVIS and HERNANDEZ playing cards at a down stairs table, the source stated they began arguing which lead to the exchanging punches and wrestling. The fight lasted for several minutes and they stopped fighting on their own accord. After receiving this information a wellness check was completed on JARVIS and HERNANDEZ. HERNANDEZ sustained injuries consisting of scratches on his chest and arm, JARVIS had no visible injuries.
Offender JARVIS was interviewed and substantially stated that he knows HERNANDEZ from the wing and they play cards together. Stated that when they play cards they always get loud with each other, but there was no physical altercation between them.
Offender HERNANDEZ was interviewed and substantially stated that he and JARVIS was playing cards together and had an argument that got loud. Stated that he was not in a physical altercation with JARVIS. Stated that he does not remember what card game they were playing or if they were playing upstairs or down.
Offender HERNANDEZ is being charged with 214-Fighting and 303-Giving False Information to an employee. These charges have been substantiated by corroborating accounts from separate confidential sources combined with having injuries consistent with fighting. The 303 charge has been substantiated by the fact that HERNANDEZ admitted to getting loud with HERNANDEZ but stated he did not get into a physical altercation. Offenders JARVIS and HERNANDEZ have been identified using their state issued Identification card. The names of the confidential sources are being withheld to protect the safety and security of this facility. The sources have proven to be reliable based on the corroboration of their individual statements.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Basis for Discipline:Nature of offense. | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| HOWARTER, LONN A  - Chair Person | | 05/22/17 | WHI |

Run Date: 5/23/2017 12:33:00

14

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Disciplinary Report

| Type of Report: | IRCC | Date: 5/15/17 |
|---|---|---|
| ☒ Disciplinary  ☐ Investigative | Facility | |

Offender Name:  JARVIS, DELANEY          ID #:  K66975

Observation Date:  5/15/17     Approximate Time:  12:00   ☐ a.m. ☒ p.m.   Location:  INTERNAL AFFAIRS

**Offense(s): DR 504:**  214-Fighting and 303-Giving False Information to an employee

**Observation:** (NOTE: Each offense identified above must be substantiated.) At the completion of an investigation Internal Affairs has substantiated that Offender JARVIS, DELANEY K66975 was fighting with Offender HERNANDEZ, SYLVERSTER M14268 on 5/14/17 in the lower day room at approx. 9:00pm. This investigation began on 5/15/17 after Internal Affairs received information from a confidential source that he observed JARVIS and HERNANDEZ begin arguing then started hitting each other. Information was received from a second confidential source who observed JARVIS and HERNANDEZ playing cards at a down stairs table, the source stated they began arguing which lead to the exchanging punches and wrestling. The fight lasted for several minutes and they stopped fighting on their own accord. -CONT-

Witness(es): _____

☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| LT B Johnson | 10415 | *[signature]* | 5/16/17 | 1:30 | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|
| **Reporting Employee (Print Name)** | **Badge #** | **Signature** | **Date** | **Time** | |

### Disciplinary Action:

**Shift Review:** ☒ Temporary Confinement   ☐ Investigative Status   Reasons: NATURE OF OFFENSE

_____ Master Brunner #598 _____       *[signature]*       5-16-17
**Printed Name and Badge #**       **Shift Supervisor's Signature**       **Date**
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: Cont placement

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

_____ Maj Stei. #1089 _____       *[signature]*       5/16/17
**Print Reviewing Officer's Name and Badge #**       **Reviewing Officer's Signature**       **Date**

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Thousand Oaks       *[signature]*       5/17/17
**Print Hearing Investigator's Name and Badge #**       **Hearing Investigator's Signature**       **Date**

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign _____

_____ Offender's Signature _____       ID#

Baile       10182       *[signature]*
**Serving Employee (Print Name)**       **Badge #**       **Signature**

5-17-17       7⁴⁵       ☐ a.m. ☐ p.m.
**Date Served**       **Time Served**

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____ Offender's Signature _____       ID# _____

-----------------------------------------------

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____ Date of Disciplinary Report _____       Print offender's name _____       ID# _____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

_____ Print Name of witness _____       Witness badge or ID# _____       Assigned Cell (if applicable) _____       Title (if applicable) _____

Witness can testify to: _____

_____ Print Name of witness _____       Witness badge or ID# _____       Assigned Cell (if applicable) _____       Title (if applicable) _____

Witness can testify to: _____

Page 1 of 2

14

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Continuation Page**

IRCC
Facility

☒ Disciplinary Report    ☐ Investigative Report    ☐ Disciplinary Summary    ☐ Adjustment Committee Summary

Report/Incident Date:    5/15/17                                          Incident # (if applicable): _____

**Offender Information:**

Offender Name: JARVIS, DELANEY                          ID #: K66975

---

Use the space below to provide any additional information.

After receiving this information a wellness check was completed on JARVIS and HERNANDEZ. HERNANDEZ sustained injuries consisting of scratches on his chest and arm. JARVIS had no visible injuries.

Offender JARVIS was interviewed and substantially stated that he knows HERNANDEZ from the wing and they play cards together. Stated that when they play cards they always get loud with each other, but there was no physical altercation between them.

Offender HERNANDEZ was interviewed and substantially stated that he and JARVIS was playing cards together and had an argument that got loud. Stated that he was not in a physical altercation with JARVIS. Stated that he does not remember what card game they were playing or if they were playing upstairs or down.

Offender JARVIS is being charged with 214-Fighting and 303-Giving False Information to an employee. These charges have been substantiated by corroborating accounts from separate confidential sources combined with having injuries consistent with fighting. The 303 charge has been substantiated by the fact that JARVIS admitted to getting loud with HERNANDEZ but stated he did not get into a physical altercation. Offenders JARVIS and HERNANDEZ have been identified using their state issued Identification card. The names of the confidential sources are being withheld to protect the safety and security of this facility. The sources have proven to be reliable based on the corroboration of their individual statements. A complete report is on file in the Internal Affairs office. EOR

Page 2 of 2

Distribution: Master File, Offender,
                    Facility (2)

Printed on Recycled Paper

DOC 0318 (Eff. 8/2006)
(Replaces DC 7212)

DeLaney Jarvis K06975
1300 West Locust
P.O. Box 999
Anton, IL 61520

RECEIVED

APR 10 2019

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

THIS CORRESPONDENCE
IS FROM AN INMATE
OF THE ILLINOIS
DEPARTMENT OF CORRECTIONS



Judge, Sara Darrow

OR

Court Clerk

Rock Island Division

211 19th Stre

Rock Island, IL

553 N7E 1    A18C2204/07/19
NOTIFY SENDER OF NEW ADDRESS
:CLERK US DISTRICT COURT
131 E 4TH ST STE 250
DAVENPORT IA 52801-1532

BC: 52801153250    Z083N097212-00515