E-FILED
Tuesday, 23 April, 2019  03:38:02 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

DELANEY JARVIS #K-66975,          )
                                  )
            Plaintiff,            )
                                  )
      -vs-                        )        No. 18-1059-SLD
                                  )
ILLINOIS RIVER CORRECTIONAL,      )
CENTER, et al.,                   )
                                  )
            Defendants.           )

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, BRYAN BAILEY and MATTHEW CURTIS, by and through their attorney,

KWAME RAOUL, Attorney General of the State of Illinois, and, pursuant to S.D. Ill. L.R. 7.1,

hereby provide their Reply Brief in Support of their Motion for Summary Judgment [Doc. 30],

stating as follows:

### Introduction

On February 12, 2018, Plaintiff, Delaney Jarvis, #K-66975, filed a Complaint, pursuant

to 42 U.S.C. § 1983. [Doc. 1]. On April 9, 2018, this Court, in its Merit Review and Case

Management Order, found Plaintiff successfully stated an Eighth Amendment conditions of

confinement claim against Defendants Bryan Bailey and Matthew Curtis. [Doc. 7, pg. 2].

Specifically, the Court held Plaintiff successfully alleged that Defendant Bailey placed Plaintiff

in a segregation cell that smelled like urine and was covered in feces, and that Defendant Curtis

said he would send someone to clean up or otherwise provide Plaintiff with cleaning supplies,

but failed to do either. [Doc. 7, pg. 2; *see* Doc. 1].

On March 6, 2019, Defendants Bailey and Curtis moved for summary judgment on the

grounds that Plaintiff's conditions did not meet the "objectively serious" standard required to

1

prevail on an Eighth Amendment claim and Defendants did not exhibit deliberate indifference to Plaintiff's needs as required for Eighth Amendment liability. Additionally, Defendants made an argument they were entitled to the affirmative defense of qualified immunity.

On April 10, 2019, Plaintiff responded to Defendants' Motion for Summary Judgment. [Doc. 34]. Although Plaintiff failed to specify which of Defendants' facts he disputed, Plaintiff's argument can be summarized as follows: (1) The fact that Plaintiff's cell was covered in feces and urine cannot be disputed because the Court found Plaintiff successfully stated a claim in its Merit Review; (2) Defendants falsified Exhibit E in support of their Motion for Summary Judgment; (3) Plaintiff's conditions were "objectively serious" because he may have developed HIV, AIDS, Hepatitis A, Hepatitis B, or Hepatitis C; and (4) inmate affidavits create a genuine dispute as to whether Defendants were aware of Plaintiff's alleged conditions.

Defendants contend Plaintiff has argued new facts in his response and a reply brief is warranted. Defendants will limit their reply brief only to these new, material facts.

### Argument

As an initial matter, Plaintiff argues that Defendants cannot dispute whether there was feces and urine in Plaintiff's cell as the Court found Plaintiff successfully stated a claim in its Merit Review. [Doc. 34, pg. 1-2]. Summary judgment is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Walker v. Mahone*, 2010 WL 5071571, at *2 (C.D. Ill. Dec. 8, 2010) (*citing Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2010)). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *Walker*, 2010 WL 5071571, at *2, *see also* Fed. R. Civ. P. 56(e). Plaintiff fails to understand that the purpose of a Merit Review is to determine

whether Plaintiff's claim states a claim upon which relief can be granted, and does nothing to establish whether a fact in Plaintiff's pleading is true. Plaintiff further alleges that Defendants have admitted to the existence of feces and urine in his cell because they claim there are no genuine issues of material fact. [Doc. 34, pg. 2]. Plaintiff supports this contention by conveniently omitting the phrase "Plaintiff alleges" from his recitations of Defendants' undisputed material facts. [*See, e.g.,* Doc. 34, pg. 2, 4].

Next, Plaintiff argues that Defendants falsified Exhibit E, the DOC 300 – Cell Cleaning form. [Doc. 34, pg. 6-7]. Personal knowledge recorded in affidavits may include inferences and opinions drawn from facts that would be admissible in evidence, however, those inferences and opinions must be grounded in observation or other first-hand experience; they must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience. *Id.* at *3 (*citing Visser v. Packer Eng. Assoc., Inc.*, 924 F.3d 655, 659 (7th Cir. 1991). Plaintiff believes the DOC 300 form was falsified because he was placed in the cell prior to when the cell cleaning slip was completed. [Doc. 34, pg. 7]. Pursuant to Plaintiff's Living Unit History, there is a 12 minute difference from when the form was completed and Plaintiff's records indicate he was placed in the cell. [*See* Ex. A; Doc. 30-5]. Furthermore, this form was not completed by the Defendants, but another officer who would have no reason to produce falsified evidence to this Court. [*See* Doc. 30-5]. Plaintiff's speculation that the DOC 300 record is falsified cannot form the basis of a genuine issue of material fact.

Then, Plaintiff argues that his cell conditions should be considered objectively serious because he could have HIV, AIDS, Hepatitis A, Hepatitis B, and Hepatitis C. [Doc. 34, pg. 2-3]. Defendants, in their Memorandum, provided case law indicating that District Courts in the Seventh Circuit have not found for Plaintiff's in similar situations because they suffered no

atypical or significant hardship in relation to the ordinary incidents of prison life, nor did they suffer any injury. [Doc. 30, pg. 6-7].

Pursuant to Federal Rule of Evidence 701, Plaintiff is not permitted to provide testimony based on scientific, technical, or other specialized knowledge. F.R.E. 701. Plaintiff does not have a retained expert in this case. [Ex. B, ¶ 7]. As recently as May of 2018, Plaintiff's medical records indicate he does not have hepatitis, an STD, HIV, or AIDS. [Ex. C]. Plaintiff is not competent to provide an opinion concerning the specialized medical knowledge on which he basis his disagreement with the fact that he suffered no injury. [*See* Doc. 34, pg. 2-3 ("Plaintiff notes, in respect to diseases and viruses. Hepatitis A, B, and C, stays dormant for years sometimes decades, reflected by scientific studies and respectfully baby boomer age. HIV or Aids can stay dormant also for years.")]. In his discovery responses, Plaintiff claims he only suffered psychological/emotional injuries. [Ex. D, ¶ 5; 7]. Plaintiff cannot create a genuine dispute of fact simply because he now believes there is a possibility he might develop hepatitis, HIV, or AIDS at some point in the future because of his alleged cell conditions in 2017.

Finally, Plaintiff argues against Defendants' claims that they were not aware of his conditions, thus, could not be deliberately indifferent to them. In their Memorandum, Defendants argued that, assuming Plaintiff's allegations of notice to Defendants are true, (1) Defendant Bailey was never made aware of the alleged conditions; (2) Defendant Curtis was made aware of the alleged conditions initially, but believed the situation to have been handled by inmate porters after their lunch; and (3) Plaintiff does not recall complaining to Defendants at any time after he was initially put into the cell. [Doc. 30, UMF 18, pg. 8].

4

Plaintiff relies on two affidavits from two inmates to support his claims that Defendants were aware of the alleged conditions in his cell. [Doc. 34, pg. 15-16][1]. However, all these affidavits say is that the two inmates were a few cells away from Plaintiff and they heard Plaintiff yelling about the conditions in his cell. [*Id.*]. Neither affidavit states that Plaintiff complained to any named Defendant, only unnamed correctional officers and other inmates. [*Id.*]. Plaintiff cannot create a genuine dispute of material fact because Plaintiff's inmate affidavits do not prove the existence of feces or a smell of urine in his cell, nor do they prove that Plaintiff made Defendant Bailey or Curtis aware of the alleged conditions.

WHEREFORE, for the above reasons, Defendants request the Court enter summary judgment in their favor.

Respectfully submitted,

BRYAN BAILEY and MATTHEW CURTIS,

Defendant,

R. Kolton Ray; #6327476
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 557-0261 Phone
(217) 782-8767 Fax
Email:   rray@atg.state.il.us

KWAME RAOUL, Attorney General,
State of Illinois

Attorney for Defendants,

By: s/R. Kolton Ray
    R. Kolton Ray
    Assistant Attorney General

---

[1] As a courtesy to this Court, Defendants have re-submitted a clear copy of the affidavit of Stacey T. Samuels as Exhibit E to this Motion.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| DELANEY JARVIS #K-66975, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-1059-SLD |
| | ) | |
| ILLINOIS RIVER CORRECTIONAL, | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2019, the foregoing document, *Reply Brief in Support of Defendants' Motion for Summary Judgment*, was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically send notice to:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Delaney Jarvis #K-66975
Illinois River Correctional Center
Inmate Mail/Parcels
P.O. Box 999
Canton, IL   61520

Respectfully submitted,

s/R. Kolton Ray
R. Kolton Ray; #6327476
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 557-0261 Phone
(217) 782-8767 Fax
Email:   rray@atg.state.il.us

6