1:18-cv-01059-SLD # 40 Filed: 05/08/19 Page 1 of 13

E-FILED
Wednesday, 08 May, 2019 03:09:11 PM
Clerk, U.S. District Court, ILCD

FILED
MAY 08, REC'D
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In The United States District Court for the Central District of Illinois

Plaintiff,

DeLaney Jarvis.

-VS-

No. 18-1059-SLD

Defendants,

Bryan Bailey and Matthew Curtis,

I.R.C.C

Plaintiff's Response To Defendants Reply Brief In Support of Defendants' Motion For Summary Judgment.

Now comes Plaintiff pro-se seeking this Honorable Court to dismiss Defendants 'Motion For Summary Judgment' and continue this claim for trial. Plaintiff states the following facts.

In Counsel's /Defendants 'Memorandum, Motion For Summary Judgment' Plaintiff maintains Counsel conceded to the "Material Faces".    Due to a Freudian slip or not, they argued, (page 1. #3) "Defendants contend there are no genuine disputes of Material facts and Defendants are entitled to judgment as a matter of law".    Defendants are not entitled to judgment as a matter of law, because they had openly conceded to the facts of this claim as true and undisputed.    Counsel/Defendants goes even further to outline all undisputed facts, labeling them as "Undisputed Material Facts". Thus Plaintiff moves through his Response

As all the facts are undisputed by Defendants.

Defendants argues, "Plaintiff fails to understand that the purpose of a Merit Review is to determine whether Plaintiff's claim states a claim upon which relief can be granted, and does nothing to establish whether a fact in Plaintiff's pleading is true." Plaintiff is fully aware of the purpose of a Merit Review process, and knows merit is not granted due to any facts, but is granted through the probability of a violation of our Constitution. The facts of the claim is left for the presiding Judge or/and trial, as Plaintiff presented his facts and circumstances to this Court.

Defendants argues, "Plaintiff further alleges that Defendants have admitted to the existence of feces and urine in his cell because they claim there are no genuine issues of material fact." Please take Judicial notice to the above. Plaintiff alleges nothing only states the fact that Counsel openly argues, again, (page 1. of the Introduction) "Defendants Bailey and Curtis contend there are no genuine disputes of Material fact and they are entitled to judgment as a matter of law". This sentence is clear, "there are no genuine disputes of Material fact". And as noted Counsel outlines all "Undisputed Material facts". Instead of Defendants arguing against the Material facts and circumstances of this claim, Defendants contend there are no genuine disputes of material facts, thus conceding Plaintiff's allegations as being that of truth and undisputable. Furthermore, No where in Defendants 'Memorandum' did Counsel argue, "there are

no Genuine 'Issues' of material Fact". Counsel is attempting now to add words to change the phrase of his past admission. Inso this phrase is incorrect and misleading to the Facts and this Court.

Defendants states, "Plaintiff supports this contention by conveniently omitting the phrase 'Plaintiff alleges' from his recitations of Defendants undisputed material facts."

Plaintiff asa again please take Judicial notice, Plaintiff did not omit any phrase just stated his facts that was/is undisputed.     It is Counsel who recites Plaintiff's facts inwhich they/he do not dispute as being truth and fact. Nowhere, in Plaintiff's claim does he state (Plaintiff alleges this happen), whather this is what happen. It is Defendants or Counsel, who added the phrases "Plaintiff Alleges" to their Memorandum.     Plaintiff was only stating the Material facts, using Defendants own phrases, as their phrases are undisputed against.     Moreover, on page 1, #3 of Defendants Memorandum, they contend/argues to the fact "there are No Genuine Disputes of material facts," and on page 1 of their Introduction "Defendants Bailey and Curtis contend there are No Genuine Disputes of Material facts". No where in these two sentences is the phrase "Plaintiff Alleges" only the "Defendants contend" not to dispute the "Material facts" of Plaintiff's case.     Now Counsel want to argue against their own admission to Plaintiff's facts as being truth (now does that work). No where in Defendants Memorandum did they argue against a single

Fact of Plaintiff claim, whether they contended not to dispute the Material facts, thus all fact or claims are removed from allegations to facts, and should be address as such.

Counsel argues, "Plaintiff believes the DOC 300 form was falsified because he was placed in the cell prior to when the cell cleaning slip was completed." Plaintiff believes nothing, Plaintiff knows the DOC 300 form (EX.E) is falsified. And (EX.E) is not a cleaning slip, cleaning slips are produced only by the toxic Department when they need to come and clean & sanitize apart of this facility. DOC 300 or EX.E is a "Shakedown Slip" filled out when officers shakedown an Inmate cell. Plaintiff and Defendants are ones with first hand knowledge of the day's events, Although Defendants claims they can not recall. Plaintiff presented EX.B that testifies to the morning's events. Also presented was the official 'Disciplinary Report'. EX.B shows Plaintiff was removed from housing unit 1A-24 at approximately 11:30 am. Disciplinary Report shows Plaintiff was in confinement approximatly 12:00 pm. Both of Plaintiff documents was formed prior to this case and can not be tainted or misleading in anyway. Counsel presented EX.A Plaintiff's living history. This document appear to came from a computer, but the relevant history could have been enter in the computer at any time that day and the time it was enter was 1:38 pm, before 1:50 pm. The falsified document (EX.E)

4 of 12

can be pulled out of any officer desk and filled out for the time they wish, (EX.E) is filled out for 1:50 - 2:00 pm, with no authentication.   All documents, EX.B, EX.A, and Disciplinary Report, puts Plaintiff in cell 14 at the time (EX.E) was falsely reported to take place.   Plaintiff maintains this document (EX.E) was formed only do to this case, if Plaintiff would had not brought this case forward (EX.E) would not assist.

Counsel argues, "Furthermore, this form was not completed by the Defendant, but another officer who would have no reason to produce falsified evidence to this Court.

This Facility granted Both Defendants immunity, for neglecting their duties as overseer of their department! Now Counsel inserts and argues they won't falsify documents to support that immunity and help Counsel to get this case dismiss. Truely Counsel can not believe this, common sense say yes they will.   If this falsified form (EX.E) was made in good faith, then it would had been filled out by One of the Defendants. Because the Defendants knows that Cell 14 was never clean + sanitized, it is not, instead (EX.E) is filled out by some unknown enployee.   Defendants was charged to oversee the segregation department and it would be their duty to handle all forms and issues, as Departmental Rules demands.   There is No where in this Facility or any Job, that another employee is going to take over a duty that is not

their's to take over. Thus if this form (Ex.E) was made in good faith by another Officer, it shows another duty Defendants neglected. And adds the signer as a Doe Defendant or witness to the undisputed feces and smell of Urine in Plaintiff's cell. In which this Doe Officer/Defendant neglected his duty to oversee that the clean up was done properly by the porter or Toxic Department. Moreover, this Doe Defendant or witness was not stated as a Doe Defendant or witness in the disclosure of discovery. Thus this form (Ex.E) is Hear-Say, because the Doe Defendant's testimony is not noted as evidence, as instructed by this Court. Therefore, this (Ex.E) should be removed as unrelevant information, and stricken from all proceedings.

Now Counsel states, "Then, Plaintiff argues that his cell conditions should be considered objectively serious because he could have HIV, AIDS, Hepatitis A, Hepatitis B, and Hepatitis C." Plaintiff does insert that Physical Exposure of some other Inmate's feces, does expose Plaintiff or anyone to Aids, Hepatitis and other sicknesses. And yes it should no doubt be taken Highly Serious! Truely as a Man of education and intelligence Counsel would object to himself, or a love one being Physically Expose to feces. Counsel would object if his Dog or Animals was expose to feces Physically, or spiff Urine! But because Plaintiff is a prisoner, Counsel insets that Plaintiff's Exposure is not "Objectively

6 of 12

Serious," that is Outrageous!     Respectfuly, thanz
God Counsel is not the one who mazles Law, or
oversee that the law is inforced. He is just one who
mazles a career out of trying to beat it out, and it
means little to his, As is obvious.     The Eighth
Amendment is clear it prohibits Crul Punishment of Any
kind, And Demands All Inmates to be treated Humanely
and be confined in And Under Clean Healthy Conditions.
Anything outside of this Demand is "Objectively Serious"
in All forms. This fact is reflected in this Court's Merit
Review, when Plaintiff just stated the facts of this case,
without the show of any evidence this Court found the
facts as "Objectively Serious" or this case would not
had continued.

Counsel Argues, "Defendants, in their Memorandum,
provided case law indicating that District Courts in the
Seventh Circuit have not found for Plaintiff's in similar
situation because they suffered no atypical or significant
hardship."     But that only One, district Court is not
this Honorable Court that inforces the Constitution, and
Plaintiff does suffer hardship as noted above. Plaintiff
suffers with the constant fear of what if he contacted
some of the noted sicklnesses, that this facility refuses
to test Inmates without the symptoms.     Each case
is define on its own Merits, facts and circumstances,
and all of Plaintiff's Material facts are "Undisputed"
Against.

Counsel now argues, "Plaintiff is not permitted to provide testimony based on scientific, technical, or other specialized knowledge." Plaintiff does not testify to any scientific, technical, or other specialized knowledge, because Plaintiff know none. Plaintiff only knows the specialized knowledge of scientific life, and no not of the practice. Plaintiff employees personal knowledge and common sense, only.

Then Counsel argues, unrelate to the falsified document (EX.E), "Plaintiff's medical records indicate he does not have hepatitis, an STD, HIV, or AIDS." Counsel has not nor could not provide actual lab testing for the above sicknesses, produced by this Facility (Illinois River), throughout Plaintiff's stay.    All relevant testing for the above sicknesses, was done at and through Previous Facilities, not Illinois River. As noted, this Facility refuse to test without symptoms.

Moreover, Counsel argues "Plaintiff cannot creat a genuine dispute of fact simply because he now believes there is a possibility he might develop hepatitis, HIV, or Aids at some point in the future because of his cell conditions in 2017."    Plaintiff contends, Then Order This Facility To Test Plaintiff for All noted Sicknesses. Then Counsel can posibly focus on the Material Facts of this case, and stop this attimpted techniques to Get this 8th Amendment violation dismiss, inwhich is undisputed.

Closing Arguement:


Meade V. Grubbs 841 7.2d. 1512-26 Pro-Se Plaintiffs,
"cannot be held to a Strenuous standards as that of a
professional Attorney and Courts must construe all well
pleaded allegations in light most favorable to Plaintiffs."
In Defendants Memorandum, Counsel outline all of
Plaintiff's case/Facts, and labelled them as "Undispute
Material Facts".    Counsel went as far as to argue,
"Defendants contend there are no genuine disputes of Material
Facts".
Plaintiff then moved without objection, and ~~based~~ his
Response on Counsel conceding/Undisputing the entire Case
and evidence.    Without video evidence because Seg had
no video cameras, Plaintiff based this case on the events
that happen, the Facts.    Plaintiff brought awareness of
his cell's Condition to this Facility through the Grievance
process/Department. In which, outlining Defendant Curtis
awareness and disregard of the matter, as Departmental
Rules demands awareness to be brought forth.    (13:12-15,
14:14-19)    Plaintiff identified Defendant Bailey as the
Officer that took his cast and placed him in the cell.
As noted this case is about Feces and the overwhelming
smell of Urine in Plaintiff's cell, which was disregarded by
all Defendants.    To back this Facts of events, Plaintiff
presented two Sworn Affidavits of Witnesses that will

9 of 12

testify to Plaintiff yelling in his cell about the feces, and masling Staff aware of the situation, but Plaintiff was ignored by Staff.      These are the facts in which Counsel conceded is undisputed.

In Defendants Memorandum, Counsel demands Entitlements and Immunity.     Immunity that was given to Defendants by this facility (Illinois River), now Counsel demands this Court grants them immunity aswell.   First Counsel states, "Defendants are entitled to judgment as a matter of law." But does not state where that law is or can be found. Though Counsel's statement is embedded with him conceding to the "Material facts".     Defendants entitlement to judgment is without weight, because No such law exist cause if it did Counsel would had argued that Law. Counsel does not argue the entitlement to judgment, whether just states it exist, and don't offer a reason why or where. Perhaps its because the Defendants are employees of this State, and Plaintiff is a prisoner.     Now Counsel Demands immunity be granted to Defendants by this Court, "even if Plaintiff can prove a Prima fecie Case, they are entitled to the affirmative defense of qualified Immunity". Yes they are, if Defendants would had never neglected their duties and oversee the clean up, as Departmental Protocol demands. But Defendants disregarded the matter, eliminating themselves from that immunity.    Which is why Counsel just states the entitlement and did not argue why Defendants should be granted immunity.

10 of 12

In Defendants Reply Brief Counsel again states, Defendants "did not exhibit deliberate indifference". This would had been true if Defendants would had Act. But this is not the Facts, because after Curtis and the Facility was fully aware of the matter, they ignored the issue and this is the fabic of Deliberate Indifference. And this is undisputed, which is also why Counsel just made the statement, and did not argue why and how.

Throughout Defendants Memorandum and Reply Brief, the only issue Counsel argues is that of a single Case Law. One Court room in the Seventh Circuit found that the party had not suffer hardship. But in Plaintiff's case all evidence and facts are undisputed, and how can't Plaintiff or anyone not suffer hardship after being Physically Expose to another person's feces. With the likelyhood of having one of the noted sicknesses. All cases are and should be decided on its own merit and circumstance, and not on past cases, as is the continuing practice of all Courts.

Moreover, Counsel argues his "Summary Judgment is the Put Up or Shut Up moment" in this Lawsuit. Plaintiff haves been putting up throughout this hoe Case process, given Plaintiff's limited movement to obtain backing for the circumstances and facts.

But Counsel layouts the facts of the case best, "Defendant Bailey placed Plaintiff in Segregation Cell 14.. Plaintiff tried to inform Defendant Bailey of the condition

of the cell, but he had already left". And, "Defendant Curtis was made aware of the conditions initially, but believed the situation to have been handled by inmate porters after their lunch." Undisputed.

Plaintiff now moves for this Honorable Court to dismiss Defendants Memorandum, Motion for Summary Judgment, base on the circumstances and facts, and Defendants neglecting their Duties, and allow this case to proceed to Trial.

Furthermore, Plaintiff implores this Court, not to Grant Defendants Immunity for neglecting duties, resulting in the violation of the Constitution. Plaintiff will Prevail on this Eighth Amendment violation given the facts noted and undisputed, if this Court allows.

12 of 12

IL 61520

1:18-cv-01059-SLD  # 40  Filed: 05/08/19  Page 13 of 13

Fwd

RECEIVED

MAY 0 8 2019

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

Legal
Mail

CORRESPONDENCE
FROM AN INMATE
THE ILLINOIS
NT OF CORRECTIONS

Judge, Sara Darrow

OR

Court Clerk

Rock Island Division

211 19th Street

Rock Island, IL 61201