E-FILED
Monday, 24 June, 2019 09:51:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DELANEY JARVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-1059 |
| | ) | |
| ILLINOIS RIVER CORRECTIONAL | ) | |
| CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Illinois River Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions of confinement. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 29). The motion is granted.

## PRELIMINARY MATTERS

Plaintiff filed two motions to compel. (Docs. 26, 27). Defendants' seek leave to file a late response. (Doc. 32). Plaintiff has not objected to Defendants' motion and the response provides clarity to the circumstances surrounding the discovery requests at issue. Defendants' motion (Doc. 32) is granted.

Plaintiff's first Motion to Compel (Doc. 26) seeks an order compelling Defendants to provide "[a]ll documents in possession of Defendants, and the statements of Defendant. In which defense counsel will be using in Trial Proceeding." The motion does not provide any greater detail. Defendants objected to this discovery request as untimely, given that it was not sent more than 30 days prior to the close of discovery. Defendants also indicate that they previously sent Plaintiff initial disclosures. Given the untimely nature of Plaintiff's request, and

the lack of specificity regarding the documents Plaintiff now seeks, Plaintiff's Motion to Compel

(Doc. 26) is denied.

Plaintiff's second Motion to Compel (Doc. 27) seeks to compel a response to a request

Plaintiff included within his initial disclosures.  At the bottom of the disclosure's first page, the

request reads as follows:

> Rebuttal purposes Plaintiff request: Defendants Complaint History, All Grievance
> Complaints, Misconduct Complaints.  Number of Civil Suits against the
> Defendants, in respect to their employment at I.D.O.C.  Respect to 'Sell-
> conditions,' All Complaints, Grievances, and Law Suits brought upon this facility
> in the past 10 years.

(Doc. 33-2 at 1).  The Court's Scheduling Order, which ordered Plaintiff to provide initial

disclosures, instructed Plaintiff of the proper method through which he could request documents

during the discovery process.  The title of the disclosures Plaintiff sent did not place Defendants

on notice that a request for documents was included therein.  *Id.*

Even if the request was proper, Plaintiff has not explained how the information he sought

is relevant to his claims.  As discussed in greater detail below, Plaintiff spoke or attempted to

speak to Defendants on one occasion about feces he had discovered in his cell.  Plaintiff testified

at his deposition that the condition he encountered was not prevalent throughout the facility and

he opined that a spiteful inmate spread the feces before leaving the cell in which Plaintiff was

housed.  Pl.'s Dep. 19:9-23.  The situation alleged in this lawsuit appears to have been an

isolated incident upon which the information sought would not have shed new light.

Accordingly, Plaintiff's Motion to Compel (Doc. 27) is denied.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party,

and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was incarcerated at Illinois River Correctional Center ("Illinois River"). Both Defendants were employed as correctional officers at the facility.

On May 15, 2017, Defendant Bailey escorted Plaintiff to Segregation Cell 14 after Plaintiff had been found guilty of fighting with another inmate and giving false information to prison staff. Plaintiff testified that he smelled a foul odor shortly after entering the cell and later discovered feces smeared on the toilet and in a relatively small area on the surrounding floor and walls. Pl.'s Dep. 18:21-22; 22:3-9. Defendant Bailey had shut the door and walked away before Plaintiff could inform him of this condition. *Id.* 20:3-9.

Plaintiff then yelled for the next 30-60 minutes in an effort to alert prison officials of his discovery. *Id.* 20:18-21. Plaintiff does not know if Defendants Bailey and Curtis were in the area at that time, and prison officials did not otherwise respond. *Id.* 21:3-4. Plaintiff requested cleaning supplies when Defendant Curtis brought Plaintiff's property to the cell. *Id.* 21:13-24. Plaintiff testified that Defendant Curtis told Plaintiff that the inmate porter would bring cleaning supplies when the porter returned from chow. *Id.* The porter never showed.

Plaintiff's access to property was limited while he was in segregation, but he was permitted "bath soap and things like that," as well as other hygiene items. *Id.* 18:9-14. Plaintiff used his shampoo and a sock to clean the feces from the affected areas, and he wiped the area down on a daily basis. *Id.* 28:16-19; 34:7-8. Nonetheless, the smell remained for the entire 31 days Plaintiff was housed in that cell. *Id.* 29:5-6; 34:7-8. Plaintiff was permitted items he could use to cover the toilet when he needed to defecate, and he appears to have been permitted outside of his cell on a regular basis. *Id.* 29:8-10 ("I had other things…like to put on the toilet when I took a crap."); 28:4-7 (Plaintiff tried to go to yard every day).

Plaintiff repeatedly informed correctional officers of the condition he encountered in his cell and the need for cleaning supplies. Plaintiff does not know if any of those officers were the Defendants, and he could not point to any occasion where he spoke to Defendants personally outside of the date he was initially placed in the cell. *Id.* 31:13-19. Plaintiff testified that he generally told prison officials that he had cleaned the affected area but that he "could still use something like bleach" because of the lingering odors. *Id.* 31:1-3. Plaintiff did not receive bleach or other cleaning supplies at any time.

Plaintiff described the conditions as "very uncomfortable," but he does not recall becoming sick as a result of exposure to these conditions. *Id.* 33:10-23.

## ANALYSIS

An official is liable under the Eighth Amendment where he or she acts with deliberate indifference towards prison conditions that deprive a prisoner of the "minimal civilized measure of life's necessities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir.2008). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Henderson v. Sheahan,* 196 F.3d 849, 845 (7th Cir. 1999).

The exposure to human waste could constitute a sufficient deprivation.  *See Vinning-El v. Long*, 482 F.3d 923, 923-24 (7th Cir. 2007); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989).  In determining whether a condition or combination of conditions is sufficiently serious to implicate constitutional concerns, a court considers both the severity of the condition and the duration of time it persisted.  *Gray*, 826 F.3d at 1005 ("An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem."); *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006) ("Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so.").

Plaintiff was exposed to the feces in his cell for approximately 30-60 minutes before Defendant Curtis brought his property, which included shampoo and a sock Plaintiff used to clean the affected areas.  Plaintiff testified that he was able to remove all visible defecation to the point where only an odor remained.  Plaintiff may have been uncomfortable, but the conditions he encountered do not appear to have been extreme in nature, nor was he forced to endure the condition as he initially encountered it for a significant period of time.  Plaintiff did not allege that he was deprived of running water, that the conditions in the other parts of the cell were unsanitary in any way, or that he suffered any adverse health effects.  Given these facts, the Court finds that no reasonable juror could conclude that Plaintiff faced an objectively serious deprivation.

Even assuming he did, Plaintiff cannot show that Defendants acted with deliberate indifference.  Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842.

Defendants involvement in these events are limited to the date Plaintiff was placed in Segregation Cell 14.  Defendant Bailey shut the door and walked away before Plaintiff could point out the issues, and Plaintiff has not presented evidence that either Defendant was in the area while he yelled requests for cleaning supplies thereafter.  Plaintiff testified that he does not know if Defendant Curtis observed the conditions when he delivered Plaintiff's property, and nothing in the record suggests that Defendant Curtis was responsible for any porter's failure to deliver the cleaning supplies Plaintiff says he promised.  Plaintiff has also not presented any evidence that suggests Defendants were responsible for the lack of cleaning supplies for the remaining 30 days Plaintiff spent in that cell.  In the absence of any evidence showing that Defendants could have appreciated that Plaintiff faced a serious risk of harm arising from the condition that gave rise to this lawsuit or that they were personally responsible for any event that occurred after Plaintiff's initial placement in the cell, no reasonable juror could conclude that Defendants acted with deliberate indifference.

Accordingly, the Court finds that no triable issues of fact remain.  Defendants' motion for summary judgment is granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions [26][27] are DENIED.**

2) **Defendants' Motion [32] is GRANTED.**

3) **Defendants' Motion for Summary Judgment [29] is GRANTED.  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions not addressed below are denied as moot, and this case is terminated, with the parties to bear their own costs.  Plaintiff remains responsible for the $350.00 filing fee.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v Edwards***, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith.");** *Walker v. O'Brien***, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective).   If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 24th day of June, 2019.

*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
